IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BAYINNAH HARRISON, Individually, and as Next Friend of and Conservator for AMUNIQUE HARRISON, a Minor, | ) ) ) ) ) | 8:07CV407 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA; BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA; CHILDREN'S HOSPITAL, AMY LACROIX, M.D.; JOHN W. SCHMIDT, M.D.; DANIEL FABER, M.D.; WARD TRUEMPER, M.D.; CHAD BRANECKI, M.D., | ) ) ) ) ) ) ) ) | MEMORANDUM OPINION |
| Defendants. | ) ) | |

This matter is before the Court on defendant United States of America's ("United States") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction (Filing No. 7), and the United States' motion to stay discovery pending resolution of its motion to dismiss (Filing No. 10).  Plaintiff has not responded to either motion, and the time for doing so has expired.  Having reviewed the motions, brief, and evidentiary submission,[1] and the applicable

---

[1] When subject matter jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1), the Court is permitted to consider matters outside the pleadings without converting the motion to a summary judgment motion.  *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637-38 (8th Cir. 2003).

law, the Court finds the motion to dismiss should be granted and the motion to stay discovery should be denied as moot.

## DISCUSSION

Plaintiff initially filed this medical malpractice suit in the District Court of Douglas County, Nebraska, on August 7, 2007 (Filing No. 1, Ex. A).  Pursuant to 28 U.S.C. § 2679(d)(1), the United States was substituted as a defendant for two named defendants who were physicians acting within the scope of their employment with the United States at the time of the alleged negligent acts (Filing No. 3).  On October 12, 2007, the United States filed a notice of removal to this Court (Filing No. 2).  The United States now moves for dismissal for lack of subject matter jurisdiction, arguing that plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 USC §§ 1346(b) and 2671-2680.

When a plaintiff alleges medical malpractice or negligence against a federal employee acting within the scope of his employment, the FTCA provides the exclusive remedy.  *See* 28 U.S.C. § 2679(b)(1).[2]  A plaintiff may not institute a medical

---

[2]  Section 2679(b)(1) states:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same

-2-

malpractice or negligence claim against the United States in federal district court until the plaintiff has first exhausted her administrative remedies.  *Motley v. United States*, 295 F.3d 820, 821 (8th Cir. 2002)(citing 28 U.S.C. § 2675(a)).  Section 2675(a) states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

"Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant."  *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993).  Here, plaintiff failed to plead exhaustion of administrative remedies in her original complaint (Filing No. 1, Ex. A), failed to amend the complaint after the United States was

---

subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.  Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

substituted as a defendant and the case was removed to this Court, and then failed to contradict, or even respond to, the United States' allegations in its summary judgment motion. Because there is no evidence or indication that plaintiff exhausted her administrative remedies as required by the FTCA, the Court finds it lacks subject matter jurisdiction with respect to claims against the United States, therefore, the United States' motion to dismiss should be granted.  The United States' motion to stay discovery will be denied as moot.  Because the United States is no longer a defendant, the Court will remand this action to the District Court of Douglas County, Nebraska.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 1st day of February, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court